

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2006

# Gloeckl v. Giant Eagle Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1758

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gloeckl v. Giant Eagle Inc" (2006). *2006 Decisions.* Paper 1239.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1239

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1758

LAURIE GLOECKL,

Appellant

v.

GIANT EAGLE, INC.

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 03-cv-00550)
District Judge: Honorable Terrance F. McVerry

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2006

Before: SLOVITER and AMBRO, Circuit Judges,
and DuBOIS,[*] District Judge

(Opinion filed: April 20, 2006)

OPINION

AMBRO, Circuit Judge

_____

[*]Honorable Jan E. DuBois, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Laurie Gloeckl filed a complaint against her employer, Giant Eagle, Inc. ("Giant Eagle"), in the United States District Court for the Western District of Pennsylvania. In it she alleged the failure to provide reasonable accommodation under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Because Gloeckl failed to file her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the challenged employment decision, the District Court granted summary judgment for Giant Eagle. Gloeckl timely filed a notice of appeal and, for the reasons provided below, we affirm.[1]

## I.

As we write only for the parties, who are familiar with the underlying facts, we set out only those facts necessary to our analysis. Gloeckl was hired by Giant Eagle in 1990 as floral manager. Due to a shoulder and arm injury that occurred in 1991, she was moved, at her request, to the position of office manager. When this injury made it difficult for Gloeckl to perform her duties in that capacity, she requested a transfer to the position of personnel manager, which was granted.

Gloeckl unfortunately continued to have problems with her left arm and shoulder. After two surgeries and extensive physical therapy, she was released to return to work twenty hours per week on June 15, 1998. Dale Giovengo, Giant Eagle's Director of

---

[1]The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Human Resources, permitted her to return to her former position with the understanding that over time she would be able to satisfy the full-time requirement. Gloeckl, however, suffered a relapse, was unable to return full-time to her position, and went on disability leave.

Following a thermal shrink procedure and additional physical therapy/rehabilitation, Gloeckl was released in 2001 to return to work twenty hours a week. As a result, she spoke with Giovengo and inquired whether she could return to her former position with the twenty-hour restriction. On August 16, 2001, Giovengo informed Gloeckl that she could not return to work as a personnel manager because it was a full-time position and she could only work part-time. He further stated that she was not physically able to perform the essential functions of any other position at Giant Eagle and, thus, could not return to work in any capacity.

In an attempt to persuade Giant Eagle to reconsider, Gloeckl inquired of Ray Huber, Vice President of Human Resources. Huber investigated the matter and, on September 15, 2001, called Gloeckl and told her that he concurred with Giovengo. Eleven months later (on August 16, 2002), Gloeckl filed a complaint for discrimination with the EEOC. A fact-finding conference was held before an EEOC investigator who, on January 24, 2003, dismissed Gloeckl's complaint as untimely filed. This appeal followed.

## II.

Under the ADA, prior to filing an employment discrimination action, an employee

3

must file a timely charge of discrimination with the EEOC. 42 U.S.C. § 12117(a) (applying the administrative enforcement procedures of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, to ADA claims). For a charge to be timely, an employee normally must file it with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). However, in a deferral state such as Pennsylvania (that is, a state that has a state or local law prohibiting the practice alleged and has established or authorized the state or local authority to grant or seek relief from practices prohibited under the ADA), the employee has not 180 but 300 days from the date of the alleged unlawful employment practice in which to file her charge of discrimination. *Id.*; *see Cardenas v. Massey*, 269 F.3d 251, 255 n.2 (3d Cir. 2001).

Giant Eagle argues that, because Gloeckl filed her EEOC charge more than 300 days after her adverse employment action, we have no jurisdiction to hear her ADA claim. We agree. As noted above, Gloeckl filed her charge of discrimination with the EEOC on August 16, 2002. Accordingly, in order for her claim to be timely, the alleged unlawful employment practice must have occurred and been communicated to her on or after October 20, 2001.

Giant Eagle takes the position that the alleged unlawful employment practice at issue occurred on August 16, 2001, when, as conceded by Gloeckl in her deposition testimony, Giovengo informed her that she could not return to work at Giant Eagle in any capacity. Gloeckl, on the other hand, contends that the unlawful employment action occurred when Giant Eagle failed to consider her requests for funded part-time work that

4

became available and was advertised in November 2001.  We are convinced that the alleged discriminatory practice took place when the company denied Gloeckl's request to be transferred to a part-time position on August 16, 2001.  As aptly stated by the District Court, "such an action was, in effect, equivalent to a termination of her employment. Therefore, [Gloeckl's] subsequent requests for reconsideration of [Giant Eagle's] decision not to allow her to return to work in any capacity had no effect on tolling the statute of limitations."  App. vol. 1, at 28.  In this context, Gloeckl failed to file a timely charge of discrimination with the EEOC.

Gloeckl maintains, however, that even if we rule that her claim was filed untimely, we should invoke our equitable powers and toll the statutory time limitation to allow her to proceed.  In Title VII actions, we have found equitable tolling appropriate

> when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending or where the court has misled the plaintiff into believing that she had done everything required of her.

*Setizinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999).  We have also allowed equitable tolling when

> plaintiff "in some extraordinary way" was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum.

*Id*. (citations omitted).  Gloeckl essentially argues that Giant Eagle's failure to bring to her attention part-time, vacant positions invites equitable tolling because the company's inaction lulled her into believing that those positions were not available.

We disagree.  Gloeckl has failed to point to any evidence in the record that

establishes that Giant Eagle knew, when she requested a transfer to a part-time position in August 2001, that a suitable, part-time position was available or was going to be available in the near future. Indeed, even if Giant Eagle had been aware of an available part-time position in August 2001 and failed to notify Gloeckl about that position, we can not say that its inaction "actively misled" Gloeckl under current case law.

* * * * *

Gloeckl did not timely file her EEOC claim. That failure was not excused by equitable tolling following the limitations period. We thus affirm the District Court's grant of summary judgment for Giant Eagle.

6